# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00258-CR

**Ferrell Damon Scott, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 07-1335-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged Ferrell Damon Scott with unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(a) (West 2011). A police officer pulled Scott over for speeding and discovered that Scott was driving with a suspended license. The officer arrested Scott for that offense and then, without obtaining a warrant, searched Scott's car before impounding it. The officer discovered two pistols in the trunk. Scott moved to suppress the evidence obtained through the search, arguing that the search was not a lawful "inventory search" but rather an unlawful "search incident to arrest." The trial court denied Scott's motion, and the jury convicted Scott of the charged offense. Scott appeals his conviction, arguing that the trial court erred by refusing to suppress the evidence obtained through the search of his car. For the following reasons, we affirm the conviction.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 5, 2007, Georgetown police officer Matt Turowski pulled Scott over after seeing him drive over the speed limit. Turowski determined that Scott was driving with a suspended license and took Scott into custody for that offense.

After securing Scott in a patrol car, Turowski began the process of impounding Scott's car. Part of that process was to search Scott's car to inventory its contents. Without obtaining a warrant, Turowski searched the car and discovered two loaded pistols in the trunk. Turowski testified at trial that as part of his search, and in accordance with standard Georgetown Police Department operating procedure, he filled out an inventory form listing everything he found in Scott's car.

The State charged Scott with unlawful possession of a firearm by a felon. *See id*. Before trial, Scott moved to suppress the evidence that Turowski discovered during the search of his car. Scott argued that the search was not a lawful "inventory search," but rather was an unlawful "search incident to arrest." The trial court denied Scott's motion, and the parties proceeded to trial. During trial, the State never introduced into evidence the inventory form that Turowski purportedly filled out while searching Scott's car. The State averred that the form had been "misplaced" after being stored offsite.

Scott re-urged his motion to suppress evidence several times during the trial, and he also made a running objection to the State's presentation of evidence obtained through the search of his car. The court overruled all of Scott's motions and objections. The jury ultimately found Scott guilty of the charged offense and sentenced him to fifty years' incarceration. Scott appeals, arguing that the trial court erred by admitting evidence obtained through the search of his car.

2

**STANDARD OF REVIEW**

We review a ruling on a motion to suppress evidence for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). In doing so, we view the facts in the light most favorable to the trial court's decision. *Id*. We defer almost totally to the trial court's determination of historical facts and review de novo the court's application of the law to those facts. *Id*.

**DISCUSSION**

Scott argues that the trial court erred by admitting evidence obtained through the search of his car. He argues that the search was not a lawful "inventory search" but rather was an unlawful "search incident to arrest."

The Supreme Court has recently clarified the permissible scope of a vehicle search incident to the arrest of a motorist:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Arizona v. Gant*, 129 S. Ct. 1710, 1723-24 (2009). Scott was not within reaching distance of his car when Turowski searched it, Scott's car did not contain evidence of the offense of arrest (namely, driving with a suspended license), and Turowski did not obtain a warrant to search the car. Thus, the search was illegal unless the State showed that there was an applicable exception to the warrant requirement.

The State argued that there was such an exception—the "inventory search" exception. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987) (inventory searches are well-defined exception to warrant requirement of Fourth Amendment). An "inventory search" is a motor-vehicle search, conducted as part of the impoundment process, that is designed to produce an inventory of a vehicle's contents. *See Moskey v. State*, 333 S.W.3d 696, 700 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Inventory searches have several legitimate purposes: to protect the vehicle owner's property while the vehicle is in custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential danger. *Id*. To be legal, an inventory search must be conducted in good faith and pursuant to reasonable, standardized police procedure. *Id*. The State bears the burden of establishing that an inventory search was lawful. *Id*. It satisfies this burden by demonstrating that (1) a reasonable inventory policy existed and (2) the searching officer followed the policy. *Id*.

Scott argues that the State failed to demonstrate that Officer Turowski followed the Georgetown Police Department's inventory policy. He bases this argument on the fact that the State never introduced into evidence the inventory form that Turowski purportedly filled out while searching Scott's car. Because the State failed to introduce the form into evidence, Scott argues, the State failed to show that Turowski actually filled out the form as required by departmental policy.

Scott cites the case of *State v. Stauder*, 264 S.W.3d 360 (Tex. App.—Eastland 2008, pet. ref'd), in which our sister court affirmed an order suppressing evidence obtained through an inventory search. The *Stauder* court held that an inventory search was illegal because the searching officers failed to fill out an inventory form in accordance with standard department policy:

> Although the department had a written policy requiring that an inventory form be filled out, the officers failed to prepare an inventory list of the items located in Stauder's pickup. Lamesa Chief of Police Richard Garcia testified that, by failing to complete the inventory sheet, his officers failed to follow departmental policy when they inventoried Stauder's pickup.

*Id*. at 362. Here, in contrast, Officer Turowski testified that he *did* follow department policy by filling out an inventory form. The State did not introduce the form into evidence, but it did not have to; rather, Turowski's testimony, if credible, was sufficient to establish that Turowski followed department policy. *See Gauldin v. State*, 683 S.W.2d 411, 415 (Tex. Crim. App. 1984), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681, 687 (Tex. Crim. App. 1991) (State could have demonstrated inventory search was legal by presenting testimony that officers followed standard departmental procedures in conducting search).

The trial court explicitly stated that it found Turowski credible when he testified that he filled out the inventory form. Scott acknowledges that the court relied on this credibility finding in ruling that the inventory search was legal, and he also acknowledges that we defer to rulings that rely on the evaluation of credibility. *See Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006). He nevertheless seems to argue that the State had to introduce the inventory form into evidence to demonstrate that Turowski complied with departmental policy. We disagree. *See Gauldin*, 683 S.W.2d at 415. Turowski's testimony was a sufficient basis for the trial court to conclude that Turowski followed standard departmental policy in conducting the inventory search of Scott's car. Thus, the court did not err by ruling that the search was legal and that the evidence it yielded was therefore admissible. *See Moskey*, 333 S.W.3d at 700. We affirm the conviction.

5

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   December 30, 2011

Do Not Publish