AFFIRM; Opinion issued December 4, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00761-CR

## DONNA J. BAGGERLY-DUPHORNE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-30879-Q

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

A jury convicted Donna J. Baggerly-Duphorne of possession of less than one gram of methamphetamine. In a single issue, appellant contends her right to effective assistance of counsel was violated. We affirm the trial court's judgment.

FACTUAL BACKGROUND

At approximately 3:00 a.m. one morning, Grand Prairie police officer Trent Allen ran a check of appellant's license plates and discovered there were warrants for her arrest. Allen performed a traffic stop of appellant's vehicle, a Chevy Blazer. When Allen asked appellant for her driver's license, she provided a Texas identification card rather than a driver's license. Allen returned to his patrol car, and a backup officer, Nicholas Steppe, arrived at the scene.

Both officers then approached appellant. Allen told appellant she was being arrested for outstanding warrants. As appellant got out of her vehicle, she grabbed her purse and draped it across her body. Allen informed appellant that they would need to take the purse because she would not be allowed to keep it when she was taken into custody. She handed the purse over to the officers. After searching appellant's person, Allen officer placed appellant in his patrol car. Meanwhile, Steppe checked the purse for weapons and contraband. In it, he found an orange-capped hypodermic needle and syringe with a clear liquid inside it. Allen recalled there being only one syringe in the purse, but Steppe recalled finding a second syringe with clear liquid as well. When questioned by the officers, appellant denied being diabetic or using drugs.

An inventory search of the car led to the discovery of a backpack in the front passenger seat. Inside the backpack was a lightbulb with drug residue on it, as well as at least one more syringe. Steppe testified that the backpack contained one syringe with a "little bit" of liquid in it and two to three other unused syringes. Appellant told the officers that the backpack belonged to her husband, and there was a birth certificate for Benjamin Baggerly found inside the bag. Appellant was the only occupant of her vehicle at the time of her arrest. After she was taken to jail, Steppe waited for a wrecker to impound appellant's car.

A chain of custody form indicated that three syringes were transported to be tested by the medical examiner's office, but only two syringes were received by forensic chemists for testing. Allen testified that, according to his report, six total syringes were found. One syringe containing a clear liquid had been found in the purse. Four unused syringes were found in the backpack in addition to a fifth syringe that contained only a small amount of the clear liquid substance. Allen stated that the syringe from the purse and the syringe from the backpack containing a small amount of liquid were the only two syringes he submitted for testing. He explained that it appeared the total

number of syringes had been misinterpreted on the chain of custody form because the syringes had been labeled 1 and 2 in the quantity section of the chain of custody form, rather than in the item number section, thus leading to a miscount of the total number of syringes. Steppe, who had collected the syringes during the search, agreed with this assessment.

Presumptive testing of one of the syringes indicated residue of methamphetamine. Testing of the other syringe showed it held .12 grams of liquid containing methamphetamine.

Appellant's mother, Charlotte Duphorne, testified for the defense. She explained that appellant did not own a car on the morning of the arrest and that she had been driving her car at the time. Duphorne stated that she had previously barred appellant's estranged husband from coming on the property where appellant lived with her. Despite this order, she had found tiny empty baggies and needles in a shed in her backyard. Duphorne said that she knew appellant had given her husband rides in her car against her wishes that appellant not be with him. Duphorne admitted she was not with appellant at the time of her arrest and did not know what appellant might have had on her person at that time.

Appellant also testified in her defense. She claimed she did not take her purse with her when she got out of the car. Rather, she claimed, Steppe had approached her with the purse in his hand as Allen was telling her she was under arrest. She stated that Steppe asked her to get her driver's license out of the purse and she said her license was at home in her wallet. Then, according to appellant, Steppe showed her a syringe and asked her what it was. According to appellant, she did not have a syringe in her purse. She claimed the syringe had come from her husband's backpack, which had been in the back of the SUV — not in the front passenger seat as the officers had claimed. She stated that she told the officer her husband uses methamphetamine. She admitted that she had been giving her husband rides in her mother's SUV. She also admitted that she used to inject

methamphetamine with her husband before the two separated. According to appellant, she had been returning home from grocery shopping at Wal-Mart around 3:00 a.m. when the officer stopped her. Appellant's traffic stop had been videotaped by the officers, but the recording was not available at the time of trial.

## DISCUSSION

In her sole point of error, appellant complains her right to effective assistance of counsel was violated because her attorney failed to obtain a ruling on her motion to suppress filed before trial, failed to argue a motion to suppress at trial, failed to object to the admission of the methamphetamine at trial, failed to show a disputed fact issue requiring a the trial court to submit a jury instruction on code of criminal procedure article 38.23, and failed to object to the jury charge's exclusion of an article 38.23 instruction. All the complaints essentially amount to an assertion that adequate trial counsel would have pursued a ruling on a motion to suppress the drug evidence and a jury instruction informing the jury that it could not consider evidence that it determined was seized illegally. Appellant contends that trial counsel should have more strenuously objected to the fact that Steppe searched the SUV after appellant's arrest. She asserts, as her trial counsel did to a limited extent, that once appellant was under arrest in Allen's patrol car, Steppe had no authority to search her vehicle incident to that arrest due to a recent change in law discussed by the Supreme Court in the case of *Arizona v. Gant*, 556 U.S. 332 (2009).

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* requires a two-step analysis by which the appellant must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional error, there is a reasonable probability the result of the proceedings would have been different. *Id.* It is the appellant's burden to prove

-4-

ineffective assistance, and she must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). A claim of ineffective assistance must be firmly supported in the record. *Id.* at 813. Our review of defense counsel's representation is highly deferential and presumes counsel's actions fell within the wide range of reasonable and professional assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The record before us contains no evidence or testimony showing trial counsel's strategy in refraining from more thoroughly pursuing exclusion of the methamphetamine gathered from appellant's purse and the backpack in her mother's SUV. It appears, however, that any effort at suppressing the complained-of evidence would have been fruitless. The only witness who testified that appellant's purse was found during a search of the SUV was appellant. The officers maintained that the purse was on appellant's person when it was confiscated and one or two syringes were found inside. Appellant's claim that the purse was discovered during the search of the car was necessarily rejected by the jury. Appellant maintained not only that the purse was found during the search of the car but also that the purse did not contain even one syringe of methamphetamine. She further maintained that the backpack with the syringes was in the back of the SUV, rather than next to her in the passenger seat, as the officers had testified. Based on the verdict, it is clear the jury rejected appellant's versions of events. Accordingly, any jury instruction to disregard illegally obtained evidence based on her claims about the search would not have succeeded. Nor does it appear from the trial judge's comments relating to appellant's request for an article 38.23 instruction that appellant's testimony would have overcome that of the police officers' testimony given at the time the court ruled on the motion to suppress. Appellant cannot show that different action by trial counsel on this matter would have changed the outcome of her case.

Moreover, the trial testimony indicates that the search of the SUV was an inventory search conducted as a matter of course by the Grand Prairie police department before the vehicle was impounded. An officer's inventory of the contents of a vehicle is permitted under the Fourth Amendment if it is conducted pursuant to a lawful impoundment of the vehicle. The State bears the burden of establishing that the police conducted a lawful inventory search, and does so by demonstrating that (1) an inventory policy exists and (2) the officers followed the policy. *Moskey v. State*, 333 S.W.3d 696, 700 (Tex. App.—Hous. 2010, no pet.). Assuming the State were able to meet the requirements demonstrating a lawful inventory search, any challenge to the search of the SUV or the seizure of the purse or even the backpack would have failed, as a lawful inventory search provides a separate, valid exception to the requirement for a search warrant. *Id.* at 702.

Under normal circumstances, the record on direct appeal is not sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833. The record in this case reflects that an "inventory" search was done on the SUV and that Steppe waited for the vehicle to be towed. Thus, it is possible both the State and defense counsel were aware that Grand Prairie has an inventory policy and that Allen and Steppe had followed the policy. Without some evidence showing trial counsel's knowledge of the facts and decisions in conducting the trial, we cannot conclude appellant's trial attorney provided ineffective assistance of counsel. It is certainly conceivable that trial counsel did not pursue the legality of the search any further because he was aware such a challenge would have been futile.

Appellant has failed to meet her burden of proving ineffective assistance of counsel. We

therefore overrule her sole point of error.  We affirm the trial court's judgment.


JOSEPH B. MORRIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110761F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNA J. BAGGERLY-DUPHORNE,
Appellant

No. 05-11-00761-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court
of Dallas County, Texas. (Tr.Ct.No. F10-
30879-Q).
Opinion delivered by Justice Morris,
Justices Francis and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2012.

JOSEPH B. MORRIS
JUSTICE