ACCEPTED
01-15-00130-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/22/2015 7:27:36 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00130-CR

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

FOR THE FIRST SUPREME JUDICIAL DISTRICT 6/22/2015 7:27:36 PM

CHRISTOPHER A. PRINE
Clerk

HOUSTON, TEXAS

...............................................................................................

MICHAEL W. PETERS            *       APPELLANT

VS.                          *

THE STATE OF TEXAS           *       APPELLEE

...............................................................................................

TRIAL COURT NO. 1413407

IN THE 176TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

...............................................................................................

BRIEF FOR APPELLANT

...............................................................................................

Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

# TABLE OF CONTENTS

Page:

Identity of Parties and Counsel                    i

List of Authorities                                ii

Statement of the Case                              1

Point for Review Number One                        1

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE (RR 2:61).**

Statement of the Facts                             1

Summary of the Argument                            4

Argument                                           5

Prayer for Relief                                  15

Certificate of Service                             15

Certificate of Compliance                          16

**IDENTITY OF PARTIES AND COUNSEL**

Judge:                                     Honorable Stacey W. Bond

Complainant:                   The State of Texas

Trial Prosecutors:            Ms. Courtney Chester
TBA #24077335

Ms. Mia Magness
TBA #00787363
1201 Franklin
Houston, Texas 77002
713-755-6908

Defense Counsel:           Mr. William B. Portis, Jr.
TBA #16161000
8561 Long Point Road, Suite 205
Houston, Texas 77055
713-224-6473

Appellant:                    Mr. Michael W. Peters

Appellant's Counsel:       Mr. Charles Hinton
TBA #09709800
P.O. Box 3719
Houston, Texas 77052-3719
832-603-1330

Appellee's Counsel:        Ms. Devon Anderson
Harris County District Attorney
1201 Franklin
Houston, Texas 77002
713-755-5800

**LIST OF AUTHORITIES**

Cases:                                                                  Page:


**Colorado v. Bertine**,
479 U.S. 367 (1987)                                                     8


**Delgado v. State**,
718 S.W.2d 718 (Tex. Crim. App. 1986, reh. den.)                       7


**Florida v. Wells**,
495 U.S. 1 (1990)                                                       4, 8


**Garza v. State**,
137 S.W.3d 878 (Tex. App. -- Houston [1st Dist.] 2004)                 4, 8


**Moskey v. State**,
333 S.W.3d 696 (Tex. App. -- Houston [1st Dist.] 2010)                 9, 14


**Rothenberg v. State**,
176 S.W.3d 53 (Tex. App. -- Houston [1st dist.] 2004, PDRR)            8


**Shepherd v. State**,
273 S.W.3d 681 (Tex. Crim. App. 2008)                                 5


**South Dakota v. Opperman**,
428 U.S. 364 (1976)                                                    7

Constitutions:

U.S. CONST. amendment IV                                              5

TEX. CONST. art. I, sec. 9                                            5

TO THE HONORABLE JUSTICES OF THE COURT OF APPEAL

FOR THE FIRST SUPREME JUDICIAL DISTRICT:

Comes now, appellant Michael W. Peters, and submits this brief pursuant to TEX. R. APP. PROC. 38.1.

## STATEMENT OF THE CASE

On January 8, 2015, the trial court denied appellant's motion to suppress evidence but also stated that appellant had permission to appeal her decision (RR 2: 61). On January 9, 2015, appellant pled guilty, without waiving his right to appeal the motion to suppress evidence ruling, to the first degree felony offense of possession with intent to deliver methamphetamine between 4 and 200 grams (RR 2: 63). The trial court found that there was sufficient evidence to find him guilty (RR 2: 65). On February 9, 2015, the trial court found appellant guilty and sentenced him to 10 years in prison. (CR I: 82). Appellant gave notice of appeal as to the trial court's denial of his motion to suppress (CR I: 84).

## POINT FOR REVIEW NUMBER ONE

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE (RR 2: 61).**

## STATEMENT OF THE FACTS

1

**State's Witnesses**

Harris County Deputy Constable Kyle Cornelius conducted a traffic stop on a vehicle, with an expired registration, driven by its sole occupant, appellant Michael Peters, at 1942 hours on January 5, 2014 at North Main and Wallisville. Appellant pulled over in the parking lot of a grocery store (RR 2: 2, 7, 9, 11).

Deputy Cornelius identified State's Exhibit #4 as an accurate video and audio recording of the traffic stop. The exhibit was admitted into evidence and published for the trial court. While the video played, Deputy Cornelius gave a running commentary on it in response to the prosecutor's questions (RR 2: 14).

Since appellant was on parole, Deputy Cornelius had a safety concern and so he had appellant step out of the vehicle in order to do a *Terry* search for weapons. When informed by Dispatch that appellant had 6 class C traffic warrants pending, Deputy Cornelius arrested appellant (RR 2: 15-16). At that point, Deputy Cornelius followed Precinct 3's policy which was to tow the vehicle and conduct an inventory of the vehicle for any property (RR 2: 16-17).

Precinct 3's policy concerning the inventory directed that the deputy list any pertinent or valuable property plus any vehicle damage on the tow slip which

2

also contains the vehicle information, case number and appellant's name. The policy directed Deputy Cornelius to open any container that was not locked and Deputy Cornelius proceeded accordingly (RR 2: 18-19). As he inventoried the vehicle, Deputy Cornelius opened the center console and found a towel at the top. Inside of the towel, he felt what he believed to be a methamphetamine pipe. Inside the towel, he found a glass methamphetamine pipe containing what he believed to be burnt methamphetamine residue (RR 2: 20).

At this point, Deputy Cornelius, besides conducting the inventory, also began a probable cause search for any more illegal substances (RR 2: 20-21). Deputy Cornelius located a small flat safe. He opened it and found 5 clear plastic baggies containing a crystal like substance that field tested positive for methamphetamine (RR 2: 21-22).

Deputy Cornelius filled out the standard Precinct 3 tow slip and inventory form (RR 2: 26-27). Appellant did not give Deputy Cornelius permission to either impound his vehicle or to search it (RR 2: 28-29). Deputy Cornelius testified that it was correct that, according to his training, he would not have a right to conduct an inventory search of an impounded vehicle if he couldn't see any contraband in plain view in the vehicle (RR 2: 29-30).

3

Appellant's vehicle was drivable and it didn't create any kind of hazardous condition. It was not legally parked and Deputy Cornelius refused appellant's request to call a friend to move the vehicle. Deputy Cornelius didn't see any contraband in the vehicle until he started the inventory (RR 2:30-31). Deputy Cornelius had to pick up and look under the towel before he saw the pipe. The pipe was inside the towel (RR 2: 33).

State's exhibit 5 (RR 3: 7), a copy of the Precinct 3 towing and inventory policy, was identified by Deputy Cornelius and admitted into evidence (RR 2: 51-52). Deputy Cornelius testified that he complied with the policy (RR 2: 53).

## SUMMARY OF THE ARGUMENT

Deputy Cornelius used the inventory "as a ruse for general rummaging in order to discover incriminating evidence." **Florida v. Wells**, 495 U.S. 1, 4 (1990). Deputy Cornelius' inventory of appellant's vehicle "was clearly a pretext for an investigatory motive." **Garza v. State**, 137 S.W.3d 878, 883 (Tex. App. -- Houston [1st Dist.] 2004.

The trial court erred in denying appellant's motion to suppress the illegally seized methamphetamine in both the vehicle's center console and in the small flat safe.

4

**ARGUMENT**

There was no search warrant in this cause (RR 3: 5).

Appellant's motion to suppress evidence claimed that the search of his vehicle violated both his Fourth Amendment rights under the U.S. Constitution and his rights under the Texas Constitution's Article I, Sec. 9. (CR I: 21).

Appellant claims that Deputy Cornelius did not comply with Precinct 3's police departmental vehicle inventory policy and that the trial court erred in denying appellant's motion to suppress evidence of the methamphetamine that was seized as a result of the illegal inventory search.

An abuse of discretion is the standard of review utilized in the review of a trial court's denial of a motion to suppress and the facts are viewed in the light most favorable to the trial court's decision. Almost total deference is given to the trial court's express or implied determination of historical facts while the application of the law of search and seizure to those facts is reviewed de novo. **Shepherd v. State**, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).

Deputy Cornelius conducted a traffic stop on appellant's vehicle due to an expired vehicle registration (RR 2: 11). He arrested appellant after being advised by dispatch that appellant had 6 traffic warrants . Deputy Cornelius testified that

5

Precinct 3's policy in such a situation was "To tow the vehicle and make an inventory of the vehicle for any valuable property (RR 2: 15-16)."

Pursuant to policy the deputy called a wrecker (RR 2: 17) and began the inventory of appellant's vehicle (RR 2: 19). In performing the inventory, Deputy Cornelius used a Precinct 3 carbon copy to list pertinent or valuable property. The inventory is performed to protect the appellant, his property and also to protect Deputy Cornelius (RR 2: 18).

During the inventory, Deputy Cornelius found what he believed to be a methamphetamine pipe with some fresh residue wrapped in a towel that he found in the vehicle's center console (RR 2: 19-20). Upon finding the pipe, Deputy Cornelius stated that he then began a dual purpose inventory and "probable cause search" of the vehicle. The inventory was for valuable property and the "probable cause search" was "for anymore illegal substances" (RR 2: 20-21).

During the inventory and search, Deputy Cornelius found a small flat safe and opened it. Inside, he found 5 clear plastic baggies containing a crystal like substance which tested positive for methamphetamine (RR 2: 21). Inside the safe, the deputy also found a digital scale, Xanax bars, assorted pills, stamps, a green leafy substance and a rolled cigarette that smelled of marijuana (RR 2: 22).

6

In denying appellant's motion to suppress evidence of the controlled substances seized by the deputy, the trial court stated, in pertinent part, that:

(RR 2: 61):

" .... I have also read those cases provided by the State of Texas, Delgado versus State, and that cite is 718 S.W.2d 718,, and then Rothenberg versus State, that's 176 S.W.3d at 53, and based on the testimony of the officer and my review of the case law, I will deny your motion to suppress .... "

Concerning an inventory of a vehicle's contents, the Court of Criminal Appeals in **Delgado v. State**, 718 S.W.2d 718, 721 ( Tex. Crim. App. 1986, reh. den.), cited the United States Supreme Court case of *South Dakota v. Opperman*, 428 U.S. 364 (1976) for the holding that inventories conducted pursuant to standard police procedures are reasonable. The Court of Criminal Appeals further clarified the vehicle inventory issue by specifically stating that "One of the instances in which an automobile may be validly impounded and inventoried is where the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle." Id. at 721.

Also cited and relied upon by the trial court as a basis for her decision to

7

deny appellant's motion to suppress the evidence of the methamphetamine was

**Rothenberg v. State**, 176 S.W.3d 53 (Tex. App. -- Houston [1st Dist.]. 2004, PDRR).

In *Rothenberg*, id. at 56, this First Court of Appeals cited *Colorado v. Bertine*, 479 U.S. 367, 371 (1987) for the proposition that "The inventory has long been recognized as falling outside the Fourth Amendment's warrant requirement.**"** This Court also stated that "the Fourth Amendment to the United States Constitution allows police to open closed -- even locked -- containers as part of the inventory of an automobile, as long as they do so in accordance with standardized police procedures and as long as the police do not act in bad faith or for the sole purpose of investigation. Id. at 57. **Florida v. Wells**, 495 U.S. 1, 4 (1990).

In **Garza v. State**, 137 S.w.3d 878, 885 (Tex. App. -- Houston [1st Dist.] 2004). this Court stated:

"The Supreme Court has held that, under the Fourth Amendment, a

peace officer may open a closed container as part of an inventory of

an automobile as long as the inventory is conducted in good faith

pursuant to reasonable standardized police procedures. *Bertine*, 479

U.S. at 374, 107 S.Ct. at 742-43. We find this Fourth Amendment

authority to be reasonable, persuasive, and in harmony with Texas'

protection against unreasonable searches and seizures. Accordingly,

we further hold that, under Article I, section 9, this standard applies

in the context of inventories."

Appellant suggests that this Court's opinion in **Moskey v. State**, 333 S.W.3d

696 (Tex. App. -- Houston [1st Dist.] 2010) is not only one that is factually similar

to appellant's case but also aptly and thoroughly sets forth the law that is

applicable to a proper appellate analysis of appellant's complaint.

Appellant's complaint is that the trial court erred in denying his motion to

suppress evidence (RR 2: 61). The State's evidence failed to satisfy its burden to

demonstrate that Deputy Cornelius conducted the inventory search of appellant's

vehicle in accordance with Precinct 3's standardized police procedures.  The trial

could not have reasonably determined that Deputy Cornelius conducted a valid

inventory search and, therefore, the trial court abused its discretion in denying

appellant's motion to suppress evidence.

Based on the law as set forth in *Moskey*, id., appellant concedes that the

traffic stop of appellant's vehicle and his arrest were lawful. Appellant also admits

that the impoundment of his vehicle was proper and that the deputy had a legal

right to perform an inventory of appellant's vehicle.

However, appellant contends that the State's evidence failed to demonstrate that Deputy Cornelius conducted the inventory search according to Precinct 3 police departmental policy. Id., at 700.

State's Exhibit #5 (RR 3: 7), the Precinct 3 inventory policy, was offered and admitted into evidence (RR 2: 51). Deputy Cornelius' inventory form is reflected in the appellate record as Defense No. CX-1 (RR 3: 11).

The trial court noted for the record the following:

(RR 2: 62):

" THE COURT: We're on the record in Cause No. 1413407, the State of Texas versus Michael Peters. Before we enter into the plea bargain that was part of the motion to suppress, the dispositive motion to suppress, we wanted to get on the record at the request of Mr. Portis that the State will secure from the officer the inventory slip that was submitted to his department as a result of the impoundment of Mr. Peters' car.

MS CHESTER: Yes, your Honor.

THE COURT: That will be included in the record.

MS. CHESTER: Yes, your Honor.

10

MR. PORTIS: Is that your stipulation? That was my stipulation.

MS. CHESTER: I will ask him and attempt to get it to the best of my ability.

We will make sure to look everywhere to try to find it.

THE COURT: All right. He seems confident that he filed it with his report.

MR. PORTIS: I think he told me that two or three times.

MS. CHESTER: Shouldn't be a problem.

MR.. PORTIS: Thank you so much."

Deputy Cornelius testified that he had a Precinct 3 carbon copy tow slip form on which he listed any pertinent or valuable property that he found during his inventory of appellant's vehicle (RR 2: 18). As he was inventorying the vehicle, Deputy Cornelius opened the center console and found what he believed to be a methamphetamine pipe containing methamphetamine residue inside of a towel (RR 2: 20).

Continuing on with his search, the deputy opened a small flat safe in which he found "five clear plastic bags containing a crystal like substance which later field tested positive for methamphetamine", "several new unused small clear plastic baggies with pictures of cats on 'em", "a digital scale", "baggies with three Xanax bars", "five Soma type pills", "six unknown gray and pink pills", "four round

11

white pills", "three small round pills", "a package of some small stamps", "seventeen brown pills with two blue pills contained within the same bag', "a baggie containing a green leafy substance that smelled strongly of fresh marijuana" and "a baggie that contained a rolled cigarette that smelled strongly of burnt marijuana (RR 2: 21-22)."

Deputy Cornelius testified that, while he did fill out a standard Precinct 3 tow slip form on which he listed the items found during his inventory of appellant's vehicle, he did not bring the tow slip form to court (RR 2: 26-27, 32). Deputy Cornelius said that he couldn't recall what valuables were in the appellant's vehicle without looking at his tow slip. However, he did recall some speakers in the back of the vehicle (RR 2: 37).

The Precinct 3 inventory policy contained in State's Exhibit #5 (RR 3: 7) states the following in regard to a prisoner's property and vehicle:

"3. Prisoner's Property

Each deputy, upon assuming custody of a prisoner, has the primary responsibility to protect and safeguard all property which the prisoner has in his possession at the time of arrest:

a. Deputies who arrest or transport or otherwise take custody of

a prisoner shall inventory the prisoner's property and maintain detailed notes as to the type, amount, and disposition of the property. ....

4. Prisoner's Vehicles

When necessary will be towed and stored by an authorized wrecker service.

....

All prisoners vehicles towed by this Department will be inventoried including the trunk and glove compartment if accessible. ...."

The inventory form listed in the appellate record as "CX-1" (RR 3: 11) clearly shows that Deputy Cornelius did not conduct his inventory of appellant's vehicle pursuant to established Precinct 3 police department guidelines. The "Inventory Of Vehicle Contents" reflects the following:

"Cell Phone . Center Console

Misc Tools - Back Seat / Bag Of Change - Back Seat

Misc Clothes - Cargo Area"

The deputy did not maintain detailed notes of the type and amount of the property in appellant's vehicle. While there is mention of a cell phone there is no description of the cell phone as to type. His inventory contains no mention at all

13

of a towel with a methamphetamine pipe found in the center console of the vehicle. His inventory does not even mention the flat safe in which he testified that he found 5 baggies of methamphetamine, digital scales, assorted pills, stamps and marijuana (RR 2: 21-22). Nor does his inventory list the contents of the flat safe. His inventory mentions miscellaneous clothes and miscellaneous tools without stating their type or number which is apparently required by Precinct 3's inventory policy as set forth in State's Exhibit # 5 (RR 3: 11). His inventory does mention a bag of change but not the amount of money. There is no mention of the two speakers that Deputy Cornelius testified that he saw in the back of appellant's' vehicle (RR 2: 37).

As this Court stated in *Moskey*, supra, at 700, "The state bears the burden of establishing that the police conducted a lawful inventory search. ... The State satisfies this burden by demonstrating that (1) an inventory policy exists and (2) the officers followed the policy." State's Exhibit #5 (RR 3: 7) showed that an inventory policy did exist. The inventory form listed as "CX-1" (RR 3: 11) clearly demonstrates that Deputy Cornelius did not follow the policy.

Since Deputy Cornelius did not follow Precinct 3's established police

14

department policy for inventory of the vehicle's contents, his inventory search amounted to a "ruse for a general rummaging in order to discover incriminating evidence." *Moskey*, supra, at 700. Therefore, the search for and seizure of the methamphetamine was illegal.

The trial court erred in denying appellant's motion to suppress (CR I: 24; RR 3: 61).

## PRAYER FOR RELIEF

Appellant prays that this Court reverse the judgment of the court below and remand the case for further proceedings. TEX. R. APP. PROC. 43.2(d).

Respectfully submitted,

/s/Charles Hinton
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of appellant's brief has been served by e-filing upon the

appellate attorney for the State, Mr. Alan Curry, Chief Prosecutor, Appellate Division, Harris County District Attorney's Office, 6th Floor, 1201 Franklin, Houston, Texas 77002 on June 22, 2015.

/s/Charles Hinton
Charles Hinton

**CERTIFICATE OF COMPLIANCE**

Appellant's counsel certifies that the word count of this document is 3,347.

/s/Charles Hinton
Charles Hinton

16