

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| | § | |
| JOHN DAVISON NIES II, | § | No. 08-16-00011-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 207th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Comal County, Texas |
| | § | |
| Appellee. | § | (TC# CR2014-543) |
| | § | |

## OPINION ON MOTION

The State has filed a motion requesting that the Court take judicial notice of the written inventory policy of the Comal County Sheriff's Office. The motion is denied.

John Davis Nies II was charged by indictment with possession of less than one gram of methamphetamine. The indictment alleges that the offense occurred on November 8, 2013. Nies filed a written motion to suppress asserting that evidence was unlawfully seized from his vehicle without a warrant, but he did not obtain a ruling before trial. After the trial began, the parties and the trial court had a discussion outside of the jury panel's presence regarding the suppression motion. The parties stipulated to the facts as set forth in the arresting officer's offense report. The report showed that Nies was stopped for a traffic offense on November 8, 2013, taken into custody for driving while license suspended, and the methamphetamine was found during an

inventory search of the vehicle. The State did not introduce a copy of the pertinent inventory policy nor did it ask the trial court to take judicial notice of the policy. The trial court denied the motion to suppress and Nies entered a plea of guilty.

After the parties filed their briefs, the State filed its motion asking this Court to take judicial notice of the inventory policy of Comal County Sheriff's Office. The State's motion is supported by two affidavits and the attachments to those affidavits. The first affidavit is from Jennifer Smith, who is the Open Records/Media Coordinator for Comal County and the custodian of records for the Comal County Sheriff's Office. Attached to her affidavit are four pages from the General Manual of the Sheriff's Office which set forth the inventory policy. Smith specifically states in her affidavit that the inventory policy has existed since May 16, 2011. The second affidavit is from Tiffany Leal who is the Chief Civil Prosecutor for Comal County. Leal avers that the Sheriff's Office has previously released its General Manual in response to a request made pursuant to the Public Information Act.

Rule 201(b) permits a court to take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the court's territorial jurisdiction or it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX.R.EVID. 201(b). An appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record. *See* TEX.R.EVID. 201(b), (c); *see In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex.App.--El Paso 2014, pet. denied); *Gaston v. State*, 63 S.W.3d 893, 900 (Tex.App.--Dallas 2001, no pet.). Generally, appellate courts take judicial notice of facts outside the record only to determine jurisdiction or to resolve matters ancillary to decisions which are mandated by law. *Hemsley*, 460 S.W.3d at 638. Appellate courts are

reluctant to take judicial notice of matters which go to the merits of a dispute. *Hemsley*, 460 S.W.3d at 639.

By its motion, the State is asking the Court to judicially notice facts which go to the heart of the dispute on appeal, namely, whether the methamphetamine was discovered on or about November 8, 2013 during a valid inventory search. A police officer's inventory of the contents of an automobile is permissible under the Fourth Amendment if conducted pursuant to a lawful impoundment of the vehicle. *South Dakota v. Opperman*, 428 U.S. 364, 375-76, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976); *Moskey v. State*, 333 S.W.3d 696, 700 (Tex.App.--Houston [1st Dist.] 2010, no pet.). An inventory search must be conducted in good faith and pursuant to reasonable standardized police procedure. *Moskey*, 333 S.W.3d at 700, *citing Colorado v. Bertine*, 479 U.S. 367, 374, 107 S.Ct. 738, 742, 93 L.Ed.2d 739 (1987). The State bears the burden of establishing that the police conducted a lawful inventory search. *See Gauldin v. State*, 683 S.W.2d 411, 415 (Tex.Crim.App. 1984), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App. 1991). The State typically satisfies its burden regarding the propriety of an inventory search through a police officer's testimony that (1) an inventory policy existed, and (2) that policy was followed. *See Harris v. State,* 468 S.W.3d 248, 256 (Tex.App.--Texarkana 2015, no pet.). The offense report admitted into evidence does not reflect that an inventory policy existed at the time the officer performed the challenged search. The State is attempting to satisfy the first part of the test by asking the Court to take judicial notice of the inventory policy and of Smith's testimony by affidavit that the policy has been in existence since at least May 16, 2011. We decline to take judicial notice of these facts for two reasons. First, the State has failed to show that the facts set forth in the affidavits cannot reasonably be

questioned.  Second, the facts that the State asks us to judicially notice pertain directly to the merits of the issue on appeal.  The State's motion is denied.


August 3, 2016
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)