

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00402-CR

---

DYLAN EUGENE TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 274th District Court
Hays County, Texas
Trial Court No. CR-20-5525-C, Honorable Don R. Burgess, Presiding

---

September 3, 2024

## DISSENTING OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

I agree with the majority's analysis for issues two and three; however, I respectfully dissent from the majority's analysis and opinion regarding issue one—the motion to suppress. I believe the trial court did not abuse its discretion in upholding the inventory search; I would therefore affirm the trial court's judgment.

We review a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference

to the trial court's findings of fact and review de novo the application of the law to the facts. *Id.* We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id.* at 447–48.

The State bears the burden to establish that the police conducted a lawful inventory search. *Moskey v. State*, 333 S.W.3d 696, 700 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The State meets its burden by demonstrating that an inventory policy exists, and the police officers followed the policy. *Id.* Here, it is uncontested that an inventory policy existed. Appellant's argument is the inventory policy was not followed in that the State failed 1) to obtain Appellant's signature upon completion of the search, and 2) to specifically list which items were in the vehicle.

The inventory policy contains the following language:

> The owner or operator of the vehicle shall be asked to remove, if possible, all valuables from the vehicle prior to impoundment. If such items cannot be removed, they shall be inventoried before the vehicle is removed, and the owner/operator shall be requested to verify the completeness of the inventory by signature.

Appellant's arguments on appeal focus on the latter half of the inventory policy—that items should be inventoried, and a signature obtained. However, this process only applies to items that cannot be removed. In Appellant's vehicle, there were no other such valuables that necessitated his signature. There was no evidence at the suppression hearing of other unaccounted valuables in Appellant's vehicle—there was no requirement under the inventory policy to secure his signature on the inventory report. There is no requirement of the inventory policy to create a form that says, "no valuables found."

2

Turning to Appellant's second argument—the State failed to specifically list which items were in the vehicle. The inventory policy contains the following language:

> A vehicle inventory report shall be completed whenever an officer assumes responsibility for towing a vehicle, and shall complete an inventory at the location where the vehicle was seized unless reasons of safety or practicality require the inventory to take place later.

The evidence at the suppression hearing showed that Kyle Police Department uses a "ticket writer"—a device similar to a phone with a photo-taking program—to conduct vehicle inventory searches. This practice was standard for KPD. Officer Waters testified that, due to the large amount of trash and miscellaneous items in the back of Appellant's vehicle, he took two photos instead of itemizing each item. These photos were attached to the Towed Vehicle Receipt and are part of the inventory report. Waters also confirmed that he followed KPD policy, and that he observed no other valuables in the vehicle. There was no evidence that any valuables were overlooked or that KPD's inventory procedure was not followed.

While the majority asserts that the search was merely cursory, this does not align with the standard for evaluating the validity of inventory searches. The standard does not demand an exhaustive search but rather requires adherence to a standardized procedure.[1] The trial court had before it evidence that supported the officer's compliance

---

[1] While this Court recognizes it is not bound by federal precedent unless deciding questions of federal law, *Henry v. Smith*, 637 S.W.3d 226, 236 (Tex. App.—Fort Worth 2021, pet. denied), Appellant relies on the Fourth Amendment to support his arguments. Thus, the Court's holding in *Florida v. Wells*, 495 U.S. 1, 4, 110 S. Ct. 1632, 198 L. Ed. 2d 1 (1990), that an inventory search need not be conducted in a hyper technical manner is instructive.

with the policy, and it was within the trial court's discretion to accept this evidence as sufficient.

Given the trial court's findings and the evidence supporting the procedural adherence, there was no abuse of discretion in the trial court's decision.  The inventory search was valid as it was conducted in accordance with a reasonable, standardized procedure.  Therefore, I would affirm the trial court's decision.

## CONCLUSION

Giving deference to the trial court and viewing the record in the light most favorable to the trial court's ruling, I find the trial court did not abuse its discretion.  I would overrule all issues in Appellant's brief and affirm the trial court's judgment.


Alex Yarbrough
Justice

Publish.

4