NO. 07-10-0251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 14, 2011

_____

JULIE MARIE ST. CLAIR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,965-B; HON. JOHN B. BOARD, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Julie Marie St. Clair appeals the denial of her motion to suppress evidence, the evidence being a controlled substance found in her purse. She contends that the trial court erred because the purported inventory search of the car wherein the purse lay was improper. We affirm.

## Background

Officer Christian Grimland (Grimland), with the Amarillo Police Department, testified that on December 14, 2008, he stopped appellant because the tag light on her vehicle was not working. Upon checking her driver's license, the officer discovered appellant had an outstanding arrest warrant. Appellant then was arrested.

Per written departmental policy, and once an arrest has been made, an officer is to "conduct a vehicle inventory if the prisoner was in control of a vehicle" and "impound the vehicle or release it to a licensed responsible party, who is at the scene, after securing a signed release form." Appellant was the sole occupant of the vehicle when Grimland stopped it. Given that and the aforementioned policy, the officer conducted what he believed to be an inventory search of the vehicle, and while doing so, encountered appellant's purse. Searching it, he found a wallet with $88 and a small quantity of a controlled substance.

## Issue – Inventory Search

Appellant contends that the search of the vehicle (and thus her purse) was unlawful because it was not a proper inventory search. It was not a proper inventory search, in her view, because the truck could have been released to her boyfriend and the officer did not create a separate written list of the vehicle's contents. We overrule the issue.

First, appellant attacked the search on the basis that it was not necessary as an incident of the arrest at trial. That is, searching the vehicle was unnecessary because she was in custody and unable to destroy evidence in or obtain weapons or the like from it. She did not attempt to explain or illustrate why it was not a legitimate inventory

2

search. Given the difference between the grounds asserted below for questioning the search and those presented to us, we conclude that the latter were not preserved. *Foster v. State*, 874 S.W.2d 286, 289 (Tex. App.–Fort Worth 1994, pet. ref'd) (requiring the grounds asserted in the trial court to comport with those asserted on appeal, otherwise nothing is preserved for review).

Nonetheless, even if the complaint was preserved for review, we would find it baseless. This is so because no one questioned the fact or legitimacy of appellant's arrest. And, given that, the police were authorized to conduct an inventory search of the truck if impoundment was the only reasonable alternative to protect the vehicle. *Daniels v. State*, 600 S.W.2d 813, 814 (Tex. Crim. App. 1980); *Garrett v. State*, No. 07-00-0489-CR, 2001Tex. App. LEXIS 4587, at *5 (Tex. App.–Amarillo 2001, no pet.) (mem. op. not designated for publication). Yet, they are not required to investigate the existence of such alternatives in absence of some objectively demonstrable evidence that alternatives did, in fact, exist. *Mayberry v. State*, 830 S.W.2d 176, 180 (Tex. App.–Dallas 1992, pet. ref'd); *Wooldridge v. State*, No. 05-05-0263, 2006 Tex. App. LEXIS 8918, at *5-6 (Tex. App.–Dallas 2006, no pet.) (mem. op., not designated for publication). Neither must the State prove that 1) the impoundment and subsequent inventory was the least intrusive means of securing the vehicle and keeping it safe, nor 2) the officers independently investigated possible alternatives to impoundment. *Moskey v. State*, No. 01-09-0532-CR, 2010 Tex. App. Lexis 8948, at *9 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (mem. op., not designated for publication).

According to the evidence before the trial court, appellant was alone in the truck when the stop occurred. Furthermore, no one other than she and the police were there

when she was arrested. Though appellant did mention to Grimland that her boyfriend could come retrieve the vehicle, nothing within the record illustrates that he was available at the time, that he would agree to retrieve the vehicle, or that he had a driver's license. Also missing was evidence that she owned the vehicle and, therefore, had the authority to approve of the manner of its disposition. Given the absence of such evidence, we cannot say that the trial court had basis to conclude that there existed reasonable alternatives to impoundment. *See Mitchell v. State,* No. 09-05-0289-CR, 2006 Tex. App. LEXIS 6590, at *4 (Tex. App.–Beaumont 2006, no pet.) (mem. op., not designated for publication) (upholding the trial court's decision to deny suppression because 1) the State showed that the police lawfully arrested Mitchell and Mitchell was alone in the car, 2) there was no evidence that others were readily available to take care of the car, 3) the police are not required to independently investigate impoundment alternatives, and 4) the police were not required to locate the owner of the barber shop to determine if Mitchell's car could remain in the lot); *Wooldridge v. State, supra* (holding that because the record failed to illustrate that the officer knew who owned the vehicle at the time of the arrest, the record failed to contain objectively demonstrable evidence establishing that the officer had the option to move the vehicle out of the roadway); *Richards v. State*, 150 S.W.3d 762, 768-69 (Tex. App.–Houston [14[th] Dist.] 2004, pet. ref'd) (stating that because the record lacked evidence illustrating that the officers knew the identity of the vehicle's owner, they were not required to comply with the driver's request to move the vehicle or release it to a third party).

As for appellant's effort to question the legitimacy of the inventory search because the officer did not itemize the contents of the vehicle, we note that Grimland

testified to searching the vehicle in accordance with departmental policy, that the only items of value found were the purse and the $88 contained in it, and that those items were included in his report. He also described the reasons for conducting the search (*i.e.* to protect the possessions of the person that owns or controls the vehicle and to avoid liability issues). Furthermore, the policy in question was admitted into evidence. And, appellant did not attack the legitimacy of that particular policy at trial. That was enough evidence to establish that the officer conducted a proper inventory search. *See Mitchell v. State, supra* (stating that 1) Officer Graham's testimony was sufficient to meet the State's burden because he stated that, as a matter of procedure, the police conduct routine inventories of vehicles to protect the department and tow truck drivers from liability for any property left in the vehicles, and he described the inventory search of Mitchell's vehicle, 2) appellant cross-examined Officer Graham but asked no questions about the department's inventory policy, and 3) the record does not show any deviation from police department policy).

Accordingly, the sole issue of appellant is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice

Publish.


5