NO. 07-10-0289-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 21, 2011

ANDREW JOSEPH WILSON,

                                                            Appellant
v.

THE STATE OF TEXAS,

                                                            Appellee

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1146243D; HONORABLE RUBEN GONZALEZ, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

Andrew Joseph Wilson was convicted of unlawfully posessing a firearm after pleading guilty to the charge.  On appeal, he challenges the trial court's denial of his motion to suppress the firearm, which weapon was discovered in his vehicle.  We affirm the judgment.

On January 21, 2009, Officers Nickolas Brown and Ryan Sparks were driving down a residential street in a moderate to high crime area in Fort Worth.  It was around

[1]John T. Boyd, Senior Justice, sitting by assignment.

2:00 a.m. They noticed a vehicle parked on the street facing the wrong direction. They decided to cite it, and as they began to place the citation on the vehicle, appellant was discovered sitting in it.

When questioned why he was so parked, appellant replied that he was waiting for his uncle. However, he was unable to supply a last name for the man and then admitted that he was waiting for a friend. The officers obtained appellant's identification, checked it with dispatch, and discovered that he had outstanding arrest warrants. This resulted in their placing him under arrest. At that point, the officers also decided to impound the car and contacted a wrecker for that purpose. Before the wrecker removed the vehicle, it was searched, and the officers found a handgun in the console during that search. It was that evidence that appellant sought to suppress. And, he attempted to do so on the grounds that the search was neither a permissible search incident to arrest nor an inventory search.

We review the trial court's ruling on a motion to suppress under the standard discussed in *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005). In doing so, we defer to the trial court's resolution of historical fact but review *de novo* its interpretation of the law. *Id.* at 493. So too do we look at the totality of the circumstances to determine the legitimacy of the search. *Kothe v. State,* 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004).

Appellant argues that because the gun was not accessible to him at the time the search was conducted, it could not be a search incident to arrest. Thus, it violated the tenets of *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Per the latter, police may search a vehicle incident to arrest only it if is reasonable to believe

that the arrestee might access the vehicle at the time of the search or that the vehicle contains evidence of the offense underlying the arrest. *Id.* 556 U.S. at __; 129 S.Ct. 1719. Officer Brown conceded at trial that appellant was not capable of returning to his vehicle and that there was no reason to believe there was any evidence in the car pertaining to his arrest.

Yet, Brown also testified that the officers were unable to leave the vehicle where it was located because it was parked illegally, they knew of no one with whom to leave it and, consequently, they decided to impound it.[2] Furthermore, the wrecker was contacted before the search occurred and the gun found. Additionally, Officer Sparks testified that appellant's vehicle had property in it that the officers did not want to be liable for in the event of theft.

Finally, exhibits at the suppression hearing included a copy of the Fort Worth vehicle impoundment procedures and a copy of the inventory from the vehicle. The former authorized impoundment if the vehicle was lawfully parked and the arrestee asked that another take control of it. Neither condition applied, however, because the car was illegally parked and appellant never sought to make a request.

Police officers may lawfully inventory the contents of a vehicle after an arrest if the inventory is conducted pursuant to lawful impoundment of the vehicle. *Benavides v. State,* 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); *accord St. Clair v. State*, 338 S.W.3d 722, 724 (Tex. App.–Amarillo 2011, no pet.) (stating that police may conduct an inventory search of a vehicle if impoundment is the only reasonable alternative to

---

[2]A man claiming to be a friend of appellant approached the officers after appellant had been arrested, but the friend also had outstanding warrants and was arrested.

protect it). And, even if a search does not qualify as a search incident to arrest, it may still qualify as an inventory search. *Moskey v. State,* 333 S.W.3d 696, 702 (Tex. App.–Houston [1st Dist.] 2010, no pet.).

Appellant argues that any alleged inventory search was a pretext because the police department impoundment procedures did not authorize an impoundment in this situation, there was no danger to the vehicle or its contents because the officers had the key, the officers were originally only going to leave a citation and there were other alternatives to impoundment. However, officers are not required to independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives existed. *St. Clair v. State, supra; Garza v. State,* 137 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). So, the contention that they could have solicited approval from others to leave the car there is of no moment.

So, given the totality of circumstances appearing of record, we conclude that the trial court could have legitimately ruled that the search conducted was a permissible inventory search.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.