NO. 07-10-0289-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
21, 2011

 



 

ANDREW JOSEPH WILSON,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 432ND DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1146243D; HONORABLE RUBEN
GONZALEZ, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

            Andrew
Joseph Wilson was convicted of unlawfully posessing a firearm after pleading
guilty to the charge.  On appeal, he
challenges the trial court’s denial of his motion to suppress the firearm, which
weapon was discovered in his vehicle.  We
affirm the judgment. 

             On January 21, 2009, Officers Nickolas Brown
and Ryan Sparks were driving down a residential street in a moderate to high crime
area in Fort Worth.  It was around 2:00
a.m.  They noticed a vehicle parked on
the street facing the wrong direction.  They decided to cite it, and as they began to
place the citation on the vehicle, appellant was discovered sitting in it.

            When
questioned why he was so parked, appellant replied that he was waiting for his
uncle.  However, he was unable to supply
a last name for the man and then admitted that he was waiting for a friend.  The officers obtained appellant’s
identification, checked it with dispatch, and discovered that he had
outstanding arrest warrants.  This
resulted in their placing him under arrest. 
At that point, the officers also decided to impound the car and
contacted a wrecker for that purpose.  Before
the wrecker removed the vehicle, it was searched, and the officers found a
handgun in the console during that search. 
It was that evidence that appellant sought to suppress.  And, he attempted to do so on the grounds
that the search was neither a permissible search incident to arrest nor an
inventory search. 

            We review
the trial court’s ruling on a motion to suppress under the standard discussed
in Ford v. State, 158 S.W.3d 488
(Tex. Crim. App. 2005).  In doing so, we
defer to the trial court’s resolution of historical fact but review de novo its interpretation of the
law.  Id.
at 493.  So too do we look at the
totality of the circumstances to determine the legitimacy of the search.  Kothe
v. State, 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004).     

            Appellant
argues that because the gun was not accessible to him at the time the search
was conducted, it could not be a search incident to arrest.  Thus, it violated the tenets of Arizona v. Gant, 556 U.S. 332, 129 S.Ct.
1710, 173 L.Ed.2d 485 (2009).  Per the
latter, police may search a vehicle incident to arrest only it if is reasonable
to believe that the arrestee might access the vehicle at the time of the search
or that the vehicle contains evidence of the offense underlying the arrest.  Id. 556
U.S. at __; 129 S.Ct. 1719.  Officer
Brown conceded at trial that appellant was not capable of returning to his
vehicle and that there was no reason to believe there was any evidence in the
car pertaining to his arrest.  

            Yet, Brown
also testified that the officers were unable to leave the vehicle where it was
located because it was parked illegally, they knew of no one with whom to leave
it and, consequently, they decided to impound it.[2]  Furthermore, the wrecker was contacted before
the search occurred and the gun found. 
Additionally, Officer Sparks testified that appellant’s vehicle had
property in it that the officers did not want to be liable for in the event of
theft.  

            Finally, exhibits
at the suppression hearing included a copy of the Fort Worth vehicle
impoundment procedures and a copy of the inventory from the vehicle.  The former authorized impoundment if the
vehicle was lawfully parked and the arrestee asked that another take control of
it.  Neither condition applied, however,
because the car was illegally parked and appellant never sought to make a request.

            Police
officers may lawfully inventory the contents of a vehicle after an arrest if the
inventory is conducted pursuant to lawful impoundment of the vehicle.  Benavides
v. State, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); accord St. Clair v. State, 338 S.W.3d 722, 724 (Tex. App.–Amarillo
2011, no pet.) (stating that police may conduct an inventory search of a
vehicle if impoundment is the only reasonable alternative to protect it).  And, even if a search does not qualify as a
search incident to arrest, it may still qualify as an inventory search.  Moskey
v. State, 333 S.W.3d 696, 702 (Tex. App.– Houston [1st Dist.]
2010, no pet.).  

Appellant argues that any alleged inventory
search was a pretext because the police department impoundment procedures did
not authorize an impoundment in this situation, there was no danger to the vehicle
or its contents because the officers had the key, the officers were originally
only going to leave a citation and there were other alternatives to impoundment.  However, officers are not required to
independently investigate possible alternatives to impoundment absent some
objectively demonstrable evidence that alternatives existed.  St.
Clair v. State, supra; Garza v.
State, 137 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004,
pet. ref’d).  So, the contention that
they could have solicited approval from others to leave the car there is of no
moment.  

So, given the totality of circumstances
appearing of record, we conclude that the trial court could have legitimately
ruled that the search conducted was a permissible inventory search.

Accordingly, the judgment is affirmed.

                                                                                    

                                                                        Per
Curiam

Do not publish.

 

 











[1]John
T. Boyd, Senior Justice, sitting by assignment.





[2]A
man claiming to be a friend of appellant approached the officers after
appellant had been arrested, but the friend also had outstanding warrants and
was arrested.