

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00186-CR

PHILLIP EDWARD JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 59,278-A, Honorable Dan L. Schaap, Presiding

May 21, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Through four issues, appellant Phillip Edward Johnson challenges his conviction for possession with intent to deliver cocaine of four grams or more but less than 200 grams[1] and resulting sentence enhanced by two prior felony convictions of eighty years in prison.[2] We will affirm.

---

[1] See Tex. Health & Safety Code Ann. § 481.112(a),(d) (West 2010).

[2] See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2012).

Background

During early February 2009, an Amarillo police officer received information that appellant was involved in a robbery. His February 9 duty included serving appellant with a misdemeanor criminal mischief arrest warrant. Spotting a vehicle fitting the description of appellant's and noting the driver also fit appellant's description, the officer performed a traffic stop of the vehicle. The officer requested backup support.

Appellant was the lone occupant of the vehicle and was identified by his driver's license. The officer testified when appellant rolled the window down he smelled "a strong odor of burning marijuana coming from the vehicle." The officer placed appellant under arrest on the warrant charge.

Intending to impound the vehicle, the backup officer began an inventory search. In the front seat console compartment, he discovered a bag containing five individual bags each containing a white powder he believed was cocaine. The backup officer said the suspected cocaine was visible on opening the console. An analysis by the Department of Public Safety's crime laboratory and corresponding trial testimony indicated this substance had a net weight of 4.69 grams and contained cocaine. Appellant was given the *Miranda*[3] warnings and agreed to speak with officers. Responding to questioning, he denied any knowledge of narcotics inside the vehicle.

Appellant moved to suppress any evidence seized from the vehicle and the related testimony of officers. After the hearing, the trial court denied appellant's motion by written order. Findings of fact and conclusions of law were not filed. At trial,

---

[3] *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

appellant was convicted of the charged offense and sentenced as noted. This appeal followed.

Analysis

Suppression Issues

By his first and second issues, appellant contends the trial court abused its discretion by failing to suppress evidence of contraband seized by officers in the console of his vehicle.

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We afford almost total deference to trial court determinations of historical facts. *Guzman,* 955 S.W.2d at 89. All other law-to-fact decisions are normally reviewed *de novo. Id.* We will affirm the trial court's ruling on any theory applicable to the case. *Amador v. State,* 275 S.W.3d 872, 878-79 (Tex.Crim.App. 2009). An appellate court must view the evidence in the light most favorable to the trial court's ruling. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). When there are no explicit findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported in the record. *Swain v. State,* 181 S.W.3d 359, 365 (Tex.Crim.App. 2005); *Estrada v. State,* 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross,* 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

According to the suppression hearing testimony of the officers, the Amarillo Police Department maintains a policy that requires impoundment of a vehicle during a traffic stop if the sole occupant is arrested and a licensed responsible party is not present. They said the policy and regulations of the department exist to protect the vehicle and its contents. An inventory of an impounded vehicle is conducted "to document all of the property in the vehicle in case there are any discrepancies later on about what should or shouldn't be in the vehicle." Impoundment requires an officer to complete a department inventory form and contact the on-call wrecker service. Using the form, the officer documents the vehicle description and indicates the items observed in its interior. Also documented are items removed for booking into evidence.

The backup officer added that during an inventory search he looks throughout a vehicle including the glove box, the console, any compartments, and underneath the seats. To safeguard the vehicle, an officer remains at the scene until the wrecker arrives to take custody of it. The backup officer agreed that he inventoried appellant's vehicle according to the department's "rules and regulations."

*Second Issue*

In his second issue, appellant argues the State produced no evidence at the suppression hearing of a police department vehicle inventory policy. Thus, he contends, the trial court abused its discretion in failing to suppress the contraband seized from the console.

The constitutions of Texas and the United States permit an inventory search conducted pursuant to a lawful impoundment. *South Dakota v. Opperman,* 428 U.S.

4

364, 372-75, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Benavides v. State,* 600 S.W.2d 809, 810 (Tex.Crim.App. 1980); *Josey v. State,* 981 S.W.2d 831, 842 (Tex.App.--Houston [14th Dist.] 1998, pet. refused). The opening and inventory of containers serves both to protect the owner's property from loss and the police from false claims. *See Illinois v. Lafayette,* 462 U.S. 640, 647-48, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983) (opening and inventory of a shoulder bag was reasonable despite possibility of securing the bag). Officers may lawfully open closed containers while conducting an inventory search of a vehicle only if such actions are regulated by standardized criteria or established routine. *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); *Moberg v. State,* 810 S.W.2d 190, 195 (Tex.Crim.App. 1991); *Richards v. State,* 150 S.W.3d 762, 771 (Tex.App.--Houston [14th Dist.] 2004, pet. refused) (en banc). This requirement arises from the "principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *Wells,* 495 U.S. at 4.

An officer's testimony is sufficient to show an inventory search policy existed and was followed. *Nickerson v. State,* No. 14-07-00337-CR, No. 14-07-00338-CR, and No. 14-07-00339-CR, 2008 Tex.App. Lexis 3370, at *9 (Tex.App.--Houston [14th Dist.] May 8, 2008, pet. refused) (mem. op., not designated for publication). (citing *Stephen v. State,* 677 S.W.2d 42, 44 (Tex.Crim.App. 1984)); *Josey,* 981 S.W.2d at 843. In *Richards,* the officer conducting an inventory search of a vehicle unlocked the trunk with the key and found a closed backpack. Inside the backpack he discovered a substance that proved to be peyote. 150 S.W.3d at 765. The officer testified that despite the absence of written guidelines he was trained to inventory any container if accessible,

including the trunk if provided a key. *Id.* at 771. The court concluded this was evidence of an established routine and the trial court did not abuse its discretion in finding the inventory search permissible. *Id.*

Likewise, in *Mayberry v. State,* the court found an officer's testimony that an inventory search was conducted according to police department policy sufficiently demonstrated the existence of an inventory search policy and that the policy was followed. 830 S.W.2d 176, 181 (Tex.App.--Dallas 1992, pet. refused). Had he desired, the court continued, the defendant could have inquired of the substance of the policy and raised specific questions regarding its validity. *Id.*

Appellant argues, however, our analysis should be guided by the decision in *State v. Molder,* 337 S.W.3d 403, (Tex.App.--Fort Worth 2011, no pet.). We disagree. In *Molder* the court found the State's suppression hearing evidence of the Department of Public Safety's inventory policy of closed containers in a vehicle insufficient. The only evidence of the DPS's inventory policy came through the brief testimony of a trooper. He explained that when an arrest involves a vehicle, department policy directs the officer to "take control and secure the property in the safest way possible," utilizing a written inventory. 337 S.W.3d at 410. The trooper also testified to exceptions to the inventory requirement but gave no testimony of the procedures applied in an inventory. *Id.* at n.8. The court concluded the trooper's testimony was insufficient to permit an inference of a department policy concerning closed containers. It further concluded the mere fact the trooper opened a closed container in the defendant's vehicle did not create an inference of a department policy to open closed containers. *Id.*

In the present matter, while written copies of the department impound policy and inventory procedures were not received in evidence at the suppression hearing, the officers testified as noted of the substance of department policies. Particularly, the backup officer testified to the inventory search of appellant's vehicle and that it was conducted according to department regulations. This included looking in the vehicle's glove box, the console, any compartments, and underneath the seats.

The trial court was the sole judge of the weight and credibility of the backup officer's testimony that his inventory of appellant's vehicle, including opening the console containing suspected contraband, was conducted according to the department's regulations. This evidence sufficiently supports the implicit finding that opening the console during the inventory search was according to department inventory regulations. Appellant's second issue is overruled.

*First Issue*

By his first issue, appellant contends the department's impoundment policy is too broad as it prohibits officers from leaving a vehicle parked and locked in a safe location as an alternative to impound. Appellant did not raise this complaint in the trial court and therefore it is waived on appeal. Tex. R. App. P. 33.1(a).

Moreover, even if properly preserved the issue lacks merit. The arrest occurred after dark and appellant's vehicle was parked in a parking lot. According to the first officer, the lot was "closed" and he did not know if the owner allowed cars to park in the

lot after hours.[4]  Without evidence of an invitation or permission from the parking lot owner to leave the vehicle, it was irrelevant whether the department's policy prohibited that option.  Without evidence the vehicle properly could have been left in the parking lot, and without evidence one qualified to take possession of the vehicle was at the scene, the trial court did not abuse its discretion by implicitly finding impoundment of appellant's vehicle according to department policy was the only reasonable alternative available to the officers.  *See Benavides v. State,* 600 S.W.2d 809, 811 (Tex.Crim.App. 1980) (explaining an automobile may be validly impounded and inventoried if "the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle").  Appellant's first issue is overruled.

Issues Arising from Trial

*Third Issue*

In his third issue, appellant asserts the evidence linking him to the contraband was insufficient.  As noted, the backup officer found a substance in the center console of appellant's vehicle that proved to contain cocaine.

We evaluate the sufficiency of the evidence to support conviction in a criminal appeal under the standard set forth by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Under this standard, we consider all the evidence in the light most favorable to the verdict to determine

---

[4] Officers are not required to independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives existed. *St. Clair v. State,* 338 S.W.3d 722, 724 (Tex.App.--Amarillo 2011, no pet.); *Garza v. State,* 137 S.W.3d 878, 882 (Tex.App.--Houston [1st Dist.] 2004, pet. refused).

8

whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.*, 443 U.S. at 319; *Brooks v. State,* 323 S.W.3d 893, 899 (Tex.Crim.App. 2010).

The *Jackson* sufficiency standard requires that we defer to the jury's determinations concerning the credibility of evidence and weight to be given it. *Brooks,* 323 S.W.3d at 899, 916. The fact-finder, the jury in this case, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. *Id.* The fact-finder may accept or reject any or all of the evidence. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). After giving proper deference to the fact-finder's role, we will uphold the verdict unless a rational fact-finder must have had reasonable doubt as to any essential element. *Laster v. State,* 275 S.W.3d 512, 517 (Tex.Crim.App. 2009).

To obtain a conviction on the indicted offense it was for the State to prove beyond a reasonable doubt that appellant knowingly possessed with intent to deliver a controlled substance; that is, cocaine, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(a) (West 2010).

To prove unlawful possession of a controlled substance, the State must establish the accused exercised actual care, custody, control, or management over the substance and knew the matter possessed was a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a) (West 2010); *Evans v. State,* 202 S.W.3d 158, 162 (Tex.Crim.App. 2006); *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). Absent an admission by the accused, the knowledge element of a possessory offense must be inferred. *Grant v. State,* 989 S.W.2d 428, 433 (Tex.App.--Houston

9

[14th Dist.] 1999, no pet.); *United States v. Richardson,* 848 F.2d 509, 514 (5th Cir. 1988) ("proof that possession of contraband is knowing will usually depend on inference and circumstantial evidence").

"If the contraband is not found on the accused's person, independent facts and circumstances may 'link' the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed the contraband." *Horton v. State,* No. 02-11-0244-CR and No. 02-11-0245-CR, 2012 Tex. App. Lexis 477, at 19 (Tex.App.-- Fort Worth Jan. 19, 2012, pet. refused) (mem. op., not designated for publication) (citing *Evans,* 202 S.W.3d at 161-62 and *Roberson v. State,* 80 S.W.3d 730, 735 (Tex.App.-- Houston [1st Dist.] 2002, pet. refused)). The weight of this additional evidence, or links, between the accused and the contraband arises not necessarily from the number of links shown but from the "logical force" of the evidence taken together. *Evans,* 202 S.W.3d at 161-62. Moreover, an absence of some links is not evidence of innocence to be weighed against the links present. *Hernandez v. State,* 538 S.W.2d 127, 131 (Tex.Crim.App. 1976).

While not a litmus test, some of the linking factors circumstantially establishing knowledge of and control over the contraband are: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of

10

contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans,* 202 S.W.3d at 162 n.12.

The evidence allowed the jury to conclude the first officer saw appellant leave his residence as the sole occupant of the vehicle, executed a traffic stop to arrest appellant on a misdemeanor warrant, and identified appellant as the driver and lone occupant. He smelled burnt marijuana. Appellant was placed under custodial arrest on the misdemeanor warrant. The vehicle was registered to Daniel Escobedo but the glove compartment contained an envelope addressed to appellant and Reyona Johnson. Appellant and Reyona Johnson were the named drivers on the liability insurance policy covering the vehicle. In the unlocked console compartment next to the driver's seat in the vehicle, the backup officer located about 4.69 grams of cocaine. Officers found $385 in cash on appellant's person. Appellant's friend, Destiny Kilgore, testified appellant asked her to sign a statement that the cocaine was hers. She added that the substance was not hers and, in fact, appellant told her it belonged to him.

We conclude that when viewed in the light most favorable to the verdict, the cumulative force of all the incriminating circumstances is sufficient to permit a rational juror to find beyond a reasonable doubt that appellant unlawfully possessed the cocaine. *See Williams v. State,* No. 14-01-1250-CR, 2002 Tex. App. Lexis 7336, at *8 (Tex.App.--Houston [14th Dist.] Oct. 10, 2002, no pet.) (not designated for publication)

11

(finding legally sufficient evidence linked appellant to PCP found in vehicle including facts that appellant was alone when stopped, vehicle smelled of burnt marijuana, driver's seat was near console containing PCP, and appellant's hands were near console). Appellant's third issue is overruled.

*Fourth Issue*

Through his fourth issue, appellant asserts the trial court abused its discretion by allowing a witness who listened to trial testimony to testify in the State's rebuttal case in violation of Texas Rule of Evidence 614 (the Rule).

At the beginning of trial, appellant invoked the Rule. Under a grant of immunity, Kilgore testified in the State's case-in-chief that because of fear of appellant she signed a statement falsely declaring the cocaine was hers. She explained appellant accompanied her to a bail bond company where she signed the statement before a notary public. As she wrote the statement, appellant leaned over her shoulder "huffing and puffing."

In his case-in-chief, appellant called as a witness the notary who witnessed Kilgore's signature on the statement. According to the notary, appellant was not present when Kilgore signed the statement. Rather, Kilgore was accompanied by a woman with three young children.

In a statement on the record, but outside the presence of the jury, the prosecutor announced the State's intention to call the employer of the notary in rebuttal. She explained the employer was present for the notary's testimony. But the employer was unknown to the State as a potential witness until after the notary's testimony when the

employer approached the prosecutor with information of which the State was unaware. Over appellant's objection that allowing testimony by the employer violated the Rule, the court permitted the employer to testify.

The employer's testimony was brief and appellant offered no cross-examination. According to the employer, prior to the date Kilgore presented the statement for the notary to witness, appellant contacted the employer and asked "if he had somebody come in, would we notarize a document." The employer added that appellant told him in the document its signatory would state "the drugs were hers."

In pertinent part the Rule provides, "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ." Tex. R. Evid. 614. The trial court must exclude witnesses from trial during the testimony of other witnesses, but it retains discretion for dealing with a witness who violates the Rule. *Minor v. State,* 91 S.W.3d 824, 829 (Tex.App.--Fort Worth 2002, pet refused). Thus, on a violation of the Rule, in light of all of the circumstances, a trial court may permit the testimony of the potential witness, exclude the testimony, or hold the violator in contempt. *Harris v. State,* 122 S.W.3d 871, 882 (Tex.App.--Fort Worth 2003, pet refused).

Whether a trial court abused its discretion in allowing testimony by a witness who has violated the Rule is determined by a two-step analysis. *Harris,* 122 S.W.3d at 882; *Minor,* 91 S.W.3d at 829. We first determine the type of witness involved. Was the witness a person who was not intended to be called to testify and who was not connected to the case-in-chief but who, due to events during trial, became a necessary

witness?  Was the witness a person who was sworn or listed as a witness in the case and either heard or discussed another's testimony?  *Harris,* 122 S.W.3d at 882 (citing *Guerra v. State,* 771 S.W.2d 453, 476 (Tex.Crim.App. 1988)).

There is no abuse of discretion if a trial court permits the testimony of a witness who violates the Rule provided it was not anticipated the person would be called as a witness because he lacked personal knowledge of the offense and had no connection to either the State's case-in-chief or the defendant's case-in-chief.  *Harris,* 122 S.W.3d at 882 (citing *Guerra,* 771 S.W.2d at 476; *Minor,* 91 S.W.3d at 829 and *Phillips v. State,* 64 S.W.3d 458, 459-60 (Tex. App.--Houston [1st Dist.] 2001, no pet.)).

Conversely, if the witness possessed personal knowledge of the offense and was clearly anticipated as a witness, the second step of the analysis requires that we determine whether the witness actually conferred with or heard the testimony of another witness and whether "the witness's testimony contradicted the testimony of a witness he actually heard from the opposing side or corroborated the testimony of another witness he actually heard from the same side on an issue of fact bearing upon the issue of guilt or innocence."  *See Guerra,* 771 S.W.2d at 475 (amending the second prong of the test of *Haas v. State,* 498 S.W.2d 206 (Tex.Crim.App. 1973)); *Minor,* 91 S.W.3d at 829 (quoting *Loven v. State,* 831 S.W.2d 387, 399 (Tex.App.--Amarillo 1992, no pet.)).  If both of the above criteria are met, then the trial court abused its discretion by allowing the testimony of the witness.  *Minor,* 91 S.W.3d at 829 (citing *Loven,* 831 S.W.2d at 399).

Here, nothing in the record including the brief testimony of the employer gives any indication that the employer had any connection to the case-in-chief presented by either the State or the defense.  Indeed, the scope of his relevant knowledge appears limited to the substance of his testimony.  And his testimony did not directly contradict that of the notary.  Nothing demonstrates at the time appellant invoked the Rule, the employer was likely to be called as a witness.  We find no abuse of discretion by the trial court in allowing the employer to testify.  Appellant's fourth issue is overruled.

## Conclusion

Having overruled appellant's four issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.