**REVERSE and REMAND; and Opinion Filed April 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00553-CR

### JEFFREY RAY COX, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 063252**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

A jury found Jeffrey Ray Cox guilty of possession of less than one gram of methamphetamine. The trial court sentenced Cox to eight years' imprisonment, probated the sentence, and placed Cox on community supervision for eight years. In his first two issues on appeal, Cox asserts the trial court erred by denying his pretrial motion to suppress evidence found during a warrantless search of a vehicle and his pretrial motion to suppress statements he made before and after he was advised of his *Miranda*[1] rights. In his third issue, Cox contends the evidence is insufficient to support the conviction for possession of a controlled substance. We conclude that, because the State failed to meet its burden of establishing there was a valid inventory search of the vehicle, the trial court erred by denying Cox's motion to suppress

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

evidence found during the search of the vehicle and that Cox was harmed by the error. Accordingly, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

## Background

Collinsville police officer Michael Aguirre instigated a traffic stop after Cox failed to stop at a designated point. After arresting Cox for the traffic violation, Officer Aguirre called a tow truck to impound the pickup truck Cox was driving and conducted an inventory search of the vehicle. During the search, Officer Aguirre found a digital scale on which there was the residue of a crystal substance. Officer Aguirre advised Cox of his *Miranda* rights and, after agreeing to answer Officer Aguirre's questions, Cox said the substance was probably methamphetamine. Officer Aguirre continued searching the truck and found a glass pipe containing a crystal residue. The crystal substance on the scales was subsequently determined to be methamphetamine.

Cox was charged with possession of less than one gram of methamphetamine. Cox filed a pretrial motion to suppress all evidence found in the truck, arguing Officer Aguirre's search was conducted without a warrant and was not a valid inventory search. Cox also filed a motion to suppress statements he made to Officer Aguirre on the ground that Officer Aguirre conducted a custodial interrogation without informing Cox of his *Miranda* rights and then, after informing him of his *Miranda* rights, continued the prior interrogation. After a hearing, the trial court denied both motions to suppress.

The jury found Cox guilty of the charge. The trial court sentenced Cox to eight years' imprisonment, probated the sentence, and placed Cox on community supervision for eight years.

## Inventory Search

In his first issue, Cox complains the trial court erred by denying his motion to suppress all evidence obtained during the search of the vehicle. Cox specifically argues the search of the

truck was not a proper inventory search because the vehicle was not lawfully impounded, the impounding agency did not have an inventory policy and, even if a sufficient policy exists, it was not followed.

*Relevant Facts*

At the hearing on Cox's motions to suppress, Officer Aguirre testified he observed Cox failing to stop at a designated point. Specifically, instead of stopping at a stop sign, Cox stopped the pickup truck in the middle of the intersection. Officer Aguirre instigated a traffic stop based on the violation. The stop was recorded by a chest camera worn by Officer Aguirre.

After obtaining Cox's identification, Officer Aguirre asked Cox a number of questions, including whether he knew what time it was; where he worked and lived; what Cox was doing in Collinsville; and whether there was anything illegal going on. Because it was 1:00 a.m., Officer Aguirre requested, for officer safety purposes, that Cox get out of the truck. When Officer Aguirre asked Cox to get out of the truck, he had already decided to arrest Cox on the traffic violation.

Officer Aguirre returned to his patrol car to check Cox's driver's license status and whether there were any warrants for Cox's arrest. While Officer Aguirre was doing so, he observed Cox making a telephone call. For officer safety purposes, Officer Aguirre immediately got out of his patrol car and requested that Cox terminate the call. Cox told Officer Aguirre that he had called the owner of the truck. Officer Aguirre asked Cox if the owner of the truck was expecting Cox and why the owner was expecting Cox. He did not ask Cox if the owner of the vehicle was coming to the location of the traffic stop.

Officer Aguirre returned to his patrol car and learned there were no outstanding warrants for Cox's arrest. Officer Aguirre then arrested Cox for failing to stop at a designated point. Officer Aguirre testified that, although it was pretty common for him to make a traffic stop for

the failure to stop at a designated point, he did not often make an arrest for that traffic violation. Officer Aguirre had "no reason" he could offer to distinguish the traffic violation cases he believed justified an arrest from those that did not. It is "based on the violation," and it was his decision to arrest Cox.

After he arrested Cox, Officer Aguirre asked whether Cox had any identification on him. Cox indicated it was in his wallet. Officer Aguirre asked where Cox's wallet was, and Cox responded that it was in the truck. Officer Aguirre asked whether Cox had anything in his pockets, how much money he had, where he worked, when he last worked, and whether he had his money "separated."

Officer Aguirre contacted a tow truck to impound the truck and began to do an inventory search of the vehicle. According to Officer Aguirre, there is a written policy in the "manual" that a vehicle inventory is to be conducted for any vehicle that is impounded. The policy underlying the necessity of conducting the inventory is "the property and things of value in the vehicle, property of value, document everything in the vehicle before it's released from our custody." The policy required Officer Aguirre to "fill out the form," or vehicle impoundment record, when he conducts an inventory search or an impoundment.

While searching the vehicle, Officer Aguirre found a digital scale in the seat that had the residue of a crystal substance on it. Officer Aguirre returned to his patrol car and advised Cox of his *Miranda* rights. Cox agreed to answer Officer Aguirre's questions and told Officer Aguirre the crystal substance was likely methamphetamine. Cox indicated a friend of his had been in the truck earlier and had probably left the digital scales. Officer Aguirre inquired whether there was any more methamphetamine in the truck or whether Cox had already sold it. Cox responded that he used, but did not sell, methamphetamine. Officer Aguirre noted that Cox had said he was coming from a friend's house and inquired whether that friend had methamphetamine at his

–4–

house.   Cox responded the friend whose house he was coming from did not use methamphetamine.  Officer Aguirre then asked where the methamphetamine was coming from, and Cox stated it was "all over."  Officer Aguirre returned to the truck and continued his search.

Bobby Cloer, the owner of the truck arrived approximately five minutes after Officer Aguirre found the digital scales.  However, because Officer Aguirre had already discovered the digital scales in the truck, he refused to release the vehicle to Cloer.  Officer Aguirre resumed searching the vehicle and found a glass pipe containing a crystal residue under the seat.

The vehicle impoundment record completed by Officer Aguirre was admitted into evidence.  Under the section of the form for the description of any personal property left in the vehicle, Officer Aguirre wrote only that the vehicle contained miscellaneous tools and miscellaneous clothing.  Officer Aguirre testified the camera he was wearing recorded any property in the vehicle as well.  He admitted, however, that the inventory policy in the manual did not state that everything in the inventory must be recorded on the video.

The video of the search was also admitted into evidence.  The video shows Officer Aguirre searching the entire truck, including emptying cans and jars of their contents, looking in pill bottles, and unfolding crumpled pieces of paper.  Officer Aguirre searched some areas of the truck more than once.  Officer Aguirre can be heard commenting to the tow truck driver that he thinks he is missing something.  A number of times, the video goes dark as Officer Aguirre bends over during his search of the truck and obscures the camera, making it impossible to see what property is in the truck.  However, the video shows a number of items not listed on the vehicle impoundment form, including what appears to be a car jack, some battery cables, a spare tire, a number of tools, a heavy chain, a tape player with attached ear buds, a charger for an electronic device, a blanket, some orange coveralls, the digital scales, the glass pipe, and a wallet.

*Standard of Review*

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the law to the facts de novo. *Id.* We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). We review mixed questions of law and fact that do not turn on credibility and demeanor as well as purely legal questions de novo. *State v. Woodward*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).

When, as in this case, the trial court does not make explicit findings of fact, we must view the evidence in a light most favorable to the trial court's ruling and assume the trial court resolved any issues of historical fact or credibility consistently with its ultimate ruling. *Hubert v. State*, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010). We will reverse the trial court's ruling "only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). We afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Duran* 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Story*, 445 S.W.3d at 732; *Turrubiate*, 399 S.W.3d at 150.

*Analysis*

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV.[2] A defendant asserting a search violates the Fourth Amendment bears the burden of producing evidence to rebut the presumption of proper conduct by law enforcement. *Woodward*, 341 S.W.3d at 412. The defendant can satisfy this burden by establishing the search occurred without a warrant. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). The burden then shifts to the State to prove the search was reasonable under the totality of the circumstances. *Id.* at 672–73. The State may satisfy its burden by proving the existence of an exception to the warrant requirement. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

The State concedes the search of the vehicle was conducted without a warrant, but argues it was a valid inventory search following the impoundment of the vehicle. Valid vehicle inventory searches are an exception to the Fourth Amendment's warrant requirement. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). Law enforcement officials may make a warrantless inventory search of a lawfully impounded vehicle, provided that the inventory is conducted in good faith and in accordance with standardized criteria or an established routine. *Id.* at 371–74; *South Dakota v. Opperman*, 428 U.S. 364, 372 (1976); *Trujillo v. State*, 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.) (inventory search is reasonable under Fourth Amendment so long as it is performed in accordance with standard police procedures and not undertaken in bad faith or for sole purpose of investigation); *Moskey v. State*, 333 S.W.3d 696, 700 (Tex. App.—Houston [1st Dist.] 2010, no pet.). These searches "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen or vandalized property, and

---

[2] The Fourth Amendment exclusionary rule is made applicable to the states through the due process clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 650–51, 655 (1976); *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

to guard the police from danger." *Bertine*, 479 U.S. at 372; *see also Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). The inventory search must be designed to produce an inventory of the vehicle's contents and must not be a "ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990); *see also Richards v. State*, 150 S.W.3d 762, 771 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (en banc). "The individual police officer must not be allowed so much latitude that inventory searches are turned into 'a purposeful and general means of discovering evidence of crime.'" *Uballe v. State*, 439 S.W.3d 380, 384 (Tex. App.—Amarillo 2014, pet. ref'd) (quoting *Wells*, 495 U.S. at 4).

The State bears the burden of proving the impounding of the vehicle and the subsequent inventory search are lawful. *Delgado*, 718 S.W.2d at 721; *Moskey*, 333 S.W.3d at 700; *see also Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. [Panel Op.] 1980) (subsequent inventory search is proper when the vehicle's impoundment is proper). A vehicle may be validly impounded and inventoried when the driver is removed from the automobile and placed under custodial arrest, and no other alternatives are available to ensure the protection of the driver's property. *Delgado*, 718 S.W.2d at 721; *Greer v. State*, 436 S.W.3d 1, 7 (Tex. App.—Waco 2014, no pet.); *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The subsequent inventory search is proper if the impounding agency had an inventory policy and the policy was followed. *Moberg v. State*, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991); *Roberts v. State*, 444 S.W.3d 770, 778 (Tex. App.—Fort Worth 2014, pet. ref'd). To be lawful, an inventory search must not deviate from the impounding agency's policy. *Moberg*, 810 S.W.2d at 195; *Roberts*, 444 S.W.3d at 778; *Josey v. State* 981 S.W.2d 831, 843 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Cox asserts the State failed to establish there was no alternative to impoundment of the vehicle, the impounding agency had an inventory policy, or that the policy was followed. We first consider Cox's argument that the State failed to prove Officer Aguirre followed the applicable inventory policy. Officer Aguirre testified there was a written policy that required an inventory of any vehicle that was impounded. Although a copy of the written policy was not admitted into evidence, Officer Aguirre testified it required "the property and things of value in the vehicle, property of value, document everything in the vehicle before it's released from our custody." The policy required Officer Aguirre to fill out a vehicle impoundment form. This form required a description of any personal property left in the vehicle.

Officer Aguirre's description on the vehicle impoundment form of personal property in the truck was miscellaneous tools and miscellaneous clothes. To supplement this description, Officer Aguirre relied on the video of the search, and the State admitted at oral argument that, without the video, the description of property on the vehicle impoundment form was not a sufficient inventory. However, Officer Aguirre testified the inventory policy did not state that everything in the inventory was required to be recorded on the video. There was no evidence the policy allowed Officer Aguirre to supplement or replace the required vehicle impoundment form with a video. Further, the inventory impoundment record did not reference the video and there was no evidence the video was attached to the completed form. Finally, portions of the video are black because Officer Aguirre's movements obscured the camera, Officer Aguirre did not verbally state on the video what property he was viewing in the vehicle, and nothing about the video establishes it was intended to be an inventory of the contents of the vehicle.

Viewing the evidence in the light most favorable to the trial court's ruling, the only evidence before the trial court about the applicable policy was that an inventory was required of any impounded vehicle; the purpose of the inventory was to document property and things of

value in the vehicle; and the officer impounding the vehicle was required to complete the vehicle impoundment form, which included a description of personal property left in the vehicle. Officer Aguirre admitted, and the video shows, there were a number of items of personal property in the truck that were not listed on the vehicle impoundment form. By failing to list property of value left in the truck on the vehicle impoundment form, Officer Aguirre failed to comply with the requirements of the applicable inventory policy. *See Moberg*, 810 S.W.2d at 195 (inventory search must not deviate from policy); *State v. Stauder*, 264 S.W.3d 360, 364 (Tex. App.—Eastland 2008, pet. ref'd) (affirming suppression when trial court could have concluded that the inventory search was merely a ruse based on the officers' complete failure to fill out inventory form as required). Because the State failed to meet its burden of establishing there was a valid inventory search, the trial court erred by denying Cox's motion to suppress the items found during that search. *See Gauldin v. State*, 683 S.W.2d 411, 415 (Tex. Crim. App. 1984) ("In the absence of testimony regarding actual adherence to standard police inventory procedure, the State has not sustained its burden of proof."), *overruled on other grounds by State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998); *see also Moberg*, 810 S.W.2d at 195; *Stauder*, 264 S.W.3d at 364.

Having concluded the trial court erred by failing to suppress the digital scales on which there was a residue of methamphetamine, as well as the glass pipe, we must consider whether this error harmed Cox. *See State v. Daugherty*, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996). Because the denial of Cox's motion to suppress and the admission of the fruits of the unlawful search of the truck violated his Fourth Amendment rights, we must reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a); *Hernandez v. State*, 60 S.W.3d 106, 106, 108 (Tex. Crim. App. 2001); *Chidyausiku v. State*, Nos. 02-14-00077-CR & 02-14-00078-CR,

–10–

2015 WL 737391, at *3 (Tex. App.—Fort Worth Feb. 19, 2015, no pet. h.).  Error does not contribute to the conviction or punishment if the jury's verdict would have been the same even if the erroneous evidence had not been admitted.  *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007).  However, if the error has more than a "slight effect," it is not, beyond a reasonable doubt, harmless.  *Phillips v. State*, 193 S.W.3d 904, 913 (Tex. Crim. App. 2006).  In conducting our review, we evaluate the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution.  *Harris v. State*, 790 S.W.2d 568, 586 (Tex. Crim. App. 1989); *Tijerina v. State*, 334 S.W.3d 825, 835 (Tex. App.—Amarillo 2011 pet. ref'd).

The only evidence that Cox possessed less than one gram of methamphetamine stemmed from Officer Aguirre's discovery of the digital scales during his search of the vehicle.  Accordingly, we cannot conclude beyond a reasonable doubt that the trial court's error in denying Cox's motion to suppress this evidence did not contribute to Cox's conviction or had but slight effect.  *See Gibson v. State*, 253 S.W.3d 709, 717 (Tex. App.—Amarillo 2007, pet. ref'd) (applying 44.2(a) and concluding appellant was harmed because "the evidence obtained as a result of the illegal stop formed the basis of appellant's conviction").[3]  As a result, the error cannot be harmless.

We resolve Cox's first issue in his favor.[4]  We reverse the trial court's judgment and remand this case to the trial court for further proceedings.

---

[3] *See also Carillo v. State*, No. 05-12-00544-CR, 2014 WL 465424, at *6 (Tex. App.—Dallas Feb. 4, 2014, no pet.) (mem. op., not designated for publication) ("Because the drug evidence found in appellant's truck was the only evidence at trial establishing appellant possessed cocaine, we conclude there is a reasonable likelihood the error contributed directly to appellant's conviction.").

[4] Because we have concluded the evidence does not support the trial court's implicit finding that Officer Aguirre complied with the applicable inventory policy, we need not address Cox's complaints the State failed to establish either that the pickup truck was lawfully impounded or there was a policy pertaining to an inventory of an impounded vehicle. *See* TEX. R. APP. P. 47.1.

Based on our resolution of Cox's first issue, we need not address his second issue regarding the trial court's denial of his motion to suppress the statements he made to Officer Aguirre or his third issue pertaining to the sufficiency of the evidence to support the conviction. *See* TEX. R. APP. P. 47.1.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

140553F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY RAY COX, Appellant

No. 05-14-00553-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court, Grayson County, Texas,
Trial Court Cause No. 063252.
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 1st day of April, 2015.