# NO. 12-15-00055-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JORGE ZEPEDA,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jorge Zepeda appeals his conviction for possession of a usable quantity of marijuana in an amount of less than two ounces. In one issue, Appellant argues that the trial court erred when it denied Appellant's motion to suppress evidence. We affirm.

### BACKGROUND

Tyler Police Officer Charles Boyce initiated a traffic stop after witnessing Appellant's failure to signal properly. Boyce discovered that Appellant's driver's license was suspended. Further, although the owner of the vehicle, Appellant's father, had insured the vehicle, Appellant was listed as an excluded driver. Additionally, police dispatch informed Boyce that Appellant had prior convictions for driving without a valid license and failure to maintain financial responsibility (lack of insurance).

Due to Appellant's failure to have a valid license or insurance coverage, and his prior convictions for the same offenses, Officer Boyce decided to impound the vehicle. Boyce contacted a towing company and then conducted an inventory search of the vehicle. During the inventory search, Boyce found marijuana in the vehicle's ashtray.

Appellant was charged by information with the offense of possession of a usable quantity of marijuana in an amount of less than two ounces. Appellant filed a motion to suppress,

asserting that the inventory search was illegal. The trial court found that the Tyler Police Department's policy regarding the impoundment and inventorying of vehicles mandates impoundment following (1) confirmation that the defendant has a previous conviction for failing to maintain financial responsibility or (2) upon determination that the defendant's license is currently suspended for not having insurance and the defendant fails to prove financial responsibility on the vehicle being operated. The trial court also found that a lawful inventory of Appellant's vehicle was performed pursuant to Tyler Police Department's policy. The trial court determined that Officer Boyce was acting in good faith and was not motivated by a desire to uncover evidence.

The trial court concluded that a green leafy substance believed to be marijuana was discovered during a lawful inventory search pursuant to Tyler Police Department guidelines, Appellant's vehicle was lawfully towed pursuant to Tyler Police Department guidelines, Officer Boyce's inventory search was in compliance with Tyler Police Department policy, and the substance believed to be marijuana was obtained pursuant to a lawful impoundment and inventory of Appellant's vehicle. Accordingly, the trial court denied Appellant's motion to suppress.

Appellant later pleaded "guilty" to the charged offense. The trial court placed Appellant on deferred adjudication community supervision for two years and assessed a one hundred dollar fine. The trial court then certified that Appellant had a right to appeal, and this appeal followed.

### MOTION TO SUPPRESS

In his sole issue, asserting that discovery of the marijuana was the result of an illegal search, Appellant contends that the trial court erred in denying his motion to suppress. Appellant argues that the search was improper because Officer Boyce did not consider mitigating circumstances before impounding the vehicle. Further, Appellant contends that the Tyler Police Department's impoundment policy is not reasonable because it is inconsistent. He argues that one section mandates that a vehicle be impounded while certain subsections indicate that impounding is not automatic if certain mitigating circumstances exist.

### Standard of Review

A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App.

2008).  However, we review a trial court's ruling on a motion to suppress under a bifurcated standard of review.  *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor.  *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility.  *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony.  *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc).  Moreover, if, as here, the trial court makes express findings of fact, we view the evidence in the light most favorable to the ruling and determine whether the evidence supports those factual findings.  *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).  When there is not an express finding on an issue, we infer implicit findings of fact that support the trial court's ruling as long as those findings are supported by the record.  *See id*.

The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence."  *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011).  When all evidence is viewed in the light most favorable to the trial court's ruling, an appellate court is obligated to uphold the ruling on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case.  *See Valtierra*, 310 S.W.3d at 447-48; *Ross*, 32 S.W.3d at 856.

**Applicable Law**

If conducted pursuant to a lawful impoundment, a police officer's inventory search of the contents of an automobile is permissible under the Fourth Amendment of the United States Constitution.  *See Colorado v. Bertine*, 479 U.S. 367, 371, 107 S. Ct. 738, 741, 93 L. Ed. 2d 739 (1987); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. [Panel Op.] 1980).  Inventories serve to protect (1) the owner's property while it is in custody, (2) the police against claims or disputes over lost or stolen property, and (3) the police from potential danger.  *Opperman*, 479 U.S. at 372, 107 S. Ct. at 741.  Inventory searches should be designed to produce an inventory, not turned into a purposeful and general means of discovering evidence of a crime.  *Florida v. Wells*, 495 U.S. 1, 4, 110 S. Ct. 1632, 1635, 109 L. Ed. 2d 1 (1990).  Unless

there has been a showing that the officer acted in bad faith or for the sole purpose of investigation, the officer may conduct an inventory search subsequent to a decision to impound a vehicle. *Bertine*, 479 U.S. at 372-73, 107 S. Ct. at 741-42.

The state bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the vehicle's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.– Houston [1st Dist.] 2004, pet. ref'd). Impoundment may be justified if the driver is unavailable to drive the vehicle, even if he was not arrested. *See Moskey v. State*, 333 S.W.3d 696, 701 (Tex. App—Houston [1st Dist.] 2010, no pet.) (recognizing that law enforcement may impound vehicle when it is unable to be legally driven from the scene by anyone present); *see also Rodriquez v. State*, 641 S.W.2d 955, 958 (Tex. App.–Amarillo 1982, no pet.) (noting that law enforcement may impound vehicle when driver becomes too ill to drive).

However, the state is not required to prove that impoundment and an inventory search was the least intrusive means of protecting the vehicle. *Moskey*, 333 S.W.3d at 700. Further, an officer need not independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives did, in fact, exist. *Garza*, 137 S.W.3d at 882.

**Analysis**

The State presented evidence that supports the trial court's findings. Officer Boyce testified, explaining that he saw Appellant commit a traffic violation and initiated a traffic stop. He immediately smelled the odor of marijuana in Appellant's vehicle. Boyce requested Appellant's driver's license and proof of insurance, and quickly recognized that Appellant was listed as an excluded driver on the insurance. Also, Appellant's license was suspended. Boyce contacted dispatch, and learned that Appellant had prior convictions for driving while his license was invalid and failure to maintain financial responsibility.

Officer Boyce decided that Appellant's vehicle should be impounded because Appellant was not covered by the insurance for the vehicle, had a suspended license, and had prior convictions for driving without insurance and a valid license. Boyce conducted an inventory search of the vehicle after deciding to impound the vehicle. It was during this inventory search that Boyce discovered marijuana in the vehicle's ashtray. Boyce believed that he followed Tyler

4

Police Department's policy when he impounded the vehicle. The State placed the applicable police department policies into evidence.

Appellant argues that Officer Boyce's inventory search was unlawful because Boyce did not properly consider mitigating circumstances when he decided to impound the vehicle. We first note that Officer Boyce said that he considered mitigating circumstances, but did not believe that those circumstances required him to change his decision to impound the vehicle. As for the mitigating circumstances raised by Appellant, we address those in turn.

The record shows that Appellant's father had insurance on the vehicle. However, Officer Boyce recognized that the insurance policy was of no effect as to Appellant because Appellant was named as an excluded driver. Accordingly, Boyce knew that he could not allow Appellant to drive the vehicle. No one else was with Appellant. Therefore, there was no one at the scene who could lawfully drive the vehicle. *See Moskey*, 333 S.W.3d at 701.

Appellant points out that Officer Boyce failed to contact Appellant's father or allow Appellant to contact his father. At the hearing, Appellant's father contended that, if he had been called, he could have arrived at the scene of the traffic stop within ten minutes and he could have retrieved the vehicle. However, Boyce did not know how long it would take for Appellant's father to arrive at the scene, and he was under no obligation to investigate this potential alternative to impoundment. *See Garza*, 137 S.W.3d at 882.

Finally, Appellant notes that Officer Boyce stopped Appellant in the daytime near a parking lot, but did not consider moving the vehicle to the parking lot instead of having it towed. Even if we assume that Boyce determined this action would adequately protect Appellant's vehicle, the State is not required to prove that impoundment and an inventory search was the least intrusive means of protecting the vehicle. *Moskey*, 333 S.W.3d at 700.

Appellant further argues that the Tyler Police Department policy on impoundment is unreasonable because it both requires impoundment and allows officers to avoid impoundment if mitigating circumstances apply. We do not read the policy to restrict an officer's discretion to consider mitigating circumstances. In fact, the policy specifically authorizes officers to exercise such discretion, and Officer Boyce testified that he considered mitigating circumstances in this case. Boyce simply chose to impound the vehicle because he did not believe that mitigating circumstances warranted a different decision. There is no showing that Boyce acted in bad faith or for the sole purpose of investigation. *See Bertine*, 479 U.S. at 372-73, 107 S. Ct. at 741-42.

5

Based on our review of the record, we conclude that the evidence supports the trial court's findings that Officer Boyce properly impounded Appellant's vehicle and properly conducted an inventory search subsequent to the decision to impound.  *See Garza*, 137 S.W.3d at 882.  Accordingly, the trial court did not abuse its discretion in denying Appellant's motion to suppress.  Appellant's sole issue is overruled.

## DISPOSITION

We *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 27, 2016**

**NO. 12-15-00055-CR**

**JORGE ZEPEDA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-82159-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*